IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK HAYASHI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | CV 20-111-BLG-TJC<br><br>**ORDER** |

Plaintiff, Mark Hayashi ("Hayashi"), filed this action against Defendant Travelers Casualty Insurance Company of America ("Travelers") asserting claims for violations of Montana's Unfair Trade Practices Act ("UTPA"), common law bad faith, and punitive damages. (Doc. 5.) Presently before the Court is Travelers' Motion to Dismiss. (Doc. 7.) The motion is fully briefed and ripe for the Court's review. (Docs. 8, 14, 15.)

Having considered the parties' submissions, the Court orders that Travelers' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**.

**I.    Background**

On July 23, 2014, Hayashi was one of eight passengers in a vehicle traveling on US Highway 2 near Williston, North Dakota. (Doc. 5 at ¶¶ 3, 10.) Hayashi alleges that the vehicle was negligently rear-ended by a vehicle driven by Leslie

1

File ("File") at approximately 70 miles per hour.  (*Id.* at ¶¶ 3, 11.)  As a result of the accident, Hayashi asserts he suffered severe, permanent injuries.  (*Id.* at ¶ 13.)

At the time of the accident, File's employer, Prime Time Healthcare, LLC, ("Prime Time"), was insured by Travelers with policy limits of $1,000,000.  (*Id.* at ¶ 15.)  Hayashi further alleges File's personal liability insurer tendered its limits to Travelers on May 6, 2015, and that Travelers was on notice of the accident and Hayashi's injury.  (*Id.* at ¶¶ 16-17.)

Hayashi claims Travelers acknowledged Hayashi's right to recover under the policy when it served him with an interpleader complaint, filed in North Dakota on April 6, 2016.  (*Id.* at ¶¶ 19-20.)  In the interpleader complaint, Travelers alleged that the injured passengers' remaining claims and settlement values "'exceed[ed] the amount of [its] remaining limits.'"  (*Id.* at ¶ 19.)  In addition, Hayashi claims that on July 18, 2016, Travelers' attorney "granted an indefinite extension of time" in which to respond to the interpleader complaint, with the understanding Travelers would notify counsel if an answer was needed.  (*Id.* at ¶ 21.)  According to Hayashi, however, Travelers subsequently settled with three other passengers injured in the accident, exhausting its policy limits, and dismissed the interpleader complaint without providing notice to Hayashi or considering his claims.  (*Id.* at ¶¶ 22-23.)

On July 22, 2020, Hayashi filed an action in this Court against Defendants File, Prime Time, Travelers, and Evanston Insurance Company.  (Doc. 1.)  Hayashi later voluntarily dismissed Defendants File, Prime Time, and Evanston pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (Doc. 4), and subsequently filed his First Amended Complaint on March 15, 2021, alleging two counts against Travelers based on the preceding allegations.  (Doc. 5.)  In Count I, Hayashi alleges common law bad faith and violations of the UTPA.  (*Id.* at ¶ 25.)  Count II seeks punitive damages.  (*Id.* at ¶¶ 1-8[1].)

Travelers moves to dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 7.)  Travelers argues Hayashi cannot maintain a direct cause of action against Travelers under Montana law for third-party bad faith or violations of the UTPA because Hayashi "has not established liability against Travelers' insureds Leslie File or Prime Time Healthcare, LLC . . . for the underlying motor vehicle accident by judgment or settlement."  (Doc. 8 at 1-2.)  Hayashi counters that he has alleged sufficient facts to maintain a cause of action for common law bad faith and violations of the UTPA, rendering dismissal inappropriate.  (Doc. 14 at 3-5.)

///

---

[1] Instead of proceeding numerically following Count I, Count II, Punitive Damages, is numbered paragraphs 1 through 8.  (Doc. 5 at 5-6.)

**II.     Legal Standard**

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint.  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).  "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Such assertions do nothing more than state a legal conclusion, even if the conclusion is cast in the form of a factual allegation. *Id.*

**III.   Discussion**

   **A.   Unfair Trade Practices Act**

Montana's Unfair Trade Practices Act ("UTPA") regulates an insurer's relations with an insured or third-party claimant and prohibits certain claim settlement practices. Mont. Code Ann. § 33-18-201. The UTPA further provides for, and limits, the causes of action an insured or a third-party claimant may bring against an insurer for damages in connection with the handling of an insurance claim. Mont. Code Ann. § 33-18-242. Relevant here, the UTPA provides, "[a] third-party claimant may not file an action under this section until after the

5

underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim." Mont. Code Ann. § 33-18-242(6)(b).

Thus, under the statute's plain language, "a third-party claimant who wishes to bring such an independent action under [the] UTPA is required, by statute, to wait until" after the underlying claim is settled or adjudicated, thus limiting UTPA actions to "[o]nly those third-party claimants who are able to achieve a settlement or prevail at trial." *Safeco Ins. Co. of Ill. v. Mont. Eighth Jud. Dist. Ct.*, 2 P.3d 834, 839 (Mont. 2000). See also *Peris v. Safeco Ins. Co.*, 916 P.2d 780, 784 (Mont. 1996) (discussing the legislative intent behind Mont. Code Ann. § 33-18-242(6) and the existence of the "statutory restriction on third-party claims" until after a settlement or judgment on the underlying claim); *Marshall v. Safeco Ins. Co. of Ill.*, 413 P.3d 828, 833 (Mont. 2018) ("As a threshold matter, a third-party claimant may not file an action under [the UTPA] until after the underlying claim has been settled.").

This limitation "serves to both protect insurers from frivolous claims and facilitate judicial economy." *Safeco*, 2 P.3d at 839. See also *Ulrigg v. Jones*, 907 P.2d 937, 943-44 (Mont. 1995) (noting that a direct cause of action against an insurer "must be expressly sanctioned by the legislature and not merely inferentially deduced."). Therefore, a third-party claimant cannot show entitlement

to relief under the UTPA unless the claimant first shows settlement or adjudication of the underlying claim.

The question here, however, is whether satisfaction of this prerequisite to suit must be affirmatively alleged in Hayashi's complaint. Neither party squarely addresses this issue in their briefing. But it appears the answer depends on whether the requirement is a jurisdictional prerequisite to suit, or simply a non-jurisdictional exhaustion requirement. In *Jones v. Bock*, 549 U.S. 199, 216 (2007), for example, the Supreme Court established that failure to exhaust prisoner grievance procedures before filing suit under the Prison Litigation Reform Act is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Following this guidance, courts in the Ninth Circuit have held that failure to exhaust non-jurisdictional administrative exhaustion requirements is an affirmative defense that does not need to be affirmatively alleged in a complaint. *See, e.g.*, *Elton v. McDonough*, 2021 WL 2322474, at *4-5 (E.D. Cal. June 7, 2021) (administrative exhaustion requirement under the Rehabilitation Act is non-jurisdictional and does not need to be alleged in a complaint); *Physicians Surgery Ctr. of Chandler v. Cigna Healthcare Inc.*, \_\_\_\_\_ F.3d \_\_\_\_\_, 2021 WL 3130336, at *5 (D. Ariz. July 23, 2021) (exhaustion of administrative remedies under ERISA is an affirmative defense that a plaintiff is not required to plead); *Cabrera v. Serv. Emp. Int'l Union*, 2020 WL 2559385, at *4

7

(D. Nev. May 19, 2020) (ADA administrative exhaustion requirements are non-jurisdiction and are not required to be specifically pled.).

Conversely, certain jurisdictional prerequisites to suit, such as the administrative claim requirements under the Federal Tort Claims Act, must be alleged in the complaint.  *See, e.g.*, *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint." (internal citation omitted)).

The Montana Supreme Court has held that the statutory requirement of settlement or judgment under Section 33-18-242(6)(b) is jurisdictional.  In *Poteat v. St. Paul Mercury Ins. Co.*, 918 P.2d 677, 679-80 (Mont. 1996), the Montana Supreme Court affirmed the district court's determination that it did not have jurisdiction to hear a UTPA case until adjudication or settlement of the underlying claim had occurred.  *See also Safeco*, 2 P.3d at 838 (citing *Poteat* for the principle that "a district court does not have subject matter jurisdiction over [a] UTPA claim until final settlement or judgment is achieved.").

Here, Hayashi alleges he was injured by File's negligence and that File's employer, Prime Time, was insured by Travelers.  (Doc. 5 at ¶¶ 11-13, 15.)  But the First Amended Complaint is silent as to whether a settlement or judgment of the underlying motor vehicle claim has occurred.  Hayashi has thus not alleged any

8

facts to show that the jurisdictional prerequisite to suit under the UTPA has been satisfied. Therefore, the First Amended Complaint does not contain either direct or inferential allegations respecting the material requirements of a UTPA claim and is subject to dismissal.

A motion to dismiss may be granted with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Hayashi has not pled sufficient facts from which the Court can find the requirements of a cause of action under the UTPA. Nevertheless, Hayashi can cure this deficiency if he is able to plead a settlement or judgment, given the opportunity to amend. Accordingly, Hayashi's claim for violations of the UTPA in Count I of the First Amended Complaint will be dismissed without prejudice, and with leave to amend.

### B. Common Law Bad Faith

Hayashi also asserts a claim for "common law bad faith." The Montana Supreme Court has recognized a third-party claim for common law bad faith against an insurer. While the UTPA expressly provides that "[a]n insured may not bring an action for bad faith in connection with the handling of an insurance

claim," Mont. Code Ann. § 33-18-242(3), it does not similarly prohibit such a claim by a third-party claimant. Therefore, the Montana Supreme Court has established that the UTPA "does not prohibit a third-party claimant from bringing an action for common law bad faith." *Brewington v. Emp'r Fire Ins. Co.*, 992 P.2d 237, 240 (Mont. 1999).

As to when such a claim accrues and is ripe for adjudication, the prohibition in Mont. Code Ann. § 33-18-242(6)(b) against filing third-party UTPA claims until after settlement or judgment does not apply. That provision prohibits a third-party claimant from filing "an action under this section" until after settlement or judgment of the underlying claim, but a common law bad faith claim is not an action under that section. Instead, "[a] common law bad faith claim accrues 'when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action.'" *O'Connor v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 87 P.3d 454, 456 (Mont. 2004) (quoting Mont. Code Ann. § 27-2-102(1)(a)).

Nevertheless, Travelers argues that the "same reasoning" which requires a settlement or judgment as a prerequisite to suit under the UTPA, applies equally to a third-party common law bad faith claim, citing *Jimenez v. Liberty Nw. Ins. Corp.*, 2015 WL 12591706, at *3 (D. Mont. June 17, 2015). But *Jimenez* involved the

handling of an underlying workers' compensation claim.  Within the workers' compensation claim context, the Montana Supreme Court has established that common law bad faith claims against an insurer "accrue when the Montana Workers' Compensation Court enters a judgment ordering the insurer to pay for a previously denied benefit . . .."  *O'Connor*, 87 P.3d at 459.

But Travelers provides no authority that the final judgment or settlement prerequisite to suit has been applied to common law bad faith claims outside of the workers' compensation context.  As noted by Magistrate Judge Ostby in *Ayote v. Am. Econ. Ins. Co.*, 2010 WL 768753, at *7 (D. Mont. Mar. 5, 2010), the "requirement that the underlying claim be settled or adjudicated in part prior to the filing of a common law bad faith action has apparently been applied only in the context of worker's compensation claims."  Based on this determination, Judge Ostby found that the plaintiff's common law bad faith claim, premised on the insurers refusal to make *Ridley* payments,[2] was not premature.  *Id.*[3]  *See also*

---

[2] In *Ridley v. Guar. Nat'l Ins. Co.*, 951 P.2d 987, 992 (Mont. 1997), the Montana Supreme Court held that, where liability is reasonably clear, an injured third-party claimant is entitled to payment of medical damages from an insurer prior to final settlement.  *See also Safeco*, 2 P.3d at 838-40 (holding plaintiff's declaratory judgment action seeking determination that defendant was required to make advance medical payments authorized by *Ridley* was not barred by Mont. Code Ann. § 33-18-242(6)(b)); *DuBray v. Farmers Ins. Exch.*, 36 P.3d 897, 900 (Mont. 2001).

[3] In support, Judge Ostby also cited *Burton v. State Farm Mut. Auto. Ins. Co.*, 105 F. App'x 154, 157 (9th Cir. 2004) (unpublished), where the Ninth Circuit found a

*Nelson v. Hartford Ins. Co. of the Midwest*, 2012 WL 5874457, at *4 (D. Mont. Nov. 20, 2012) ("This Court has repeatedly held, outside the workers compensation context, that bad faith claims can accrue before a judgment or settlement.").

Therefore, the requirement that an underlying claim be resolved by settlement or judgment prior to filing suit has not been applied in Montana to third-party common law bad faith claims outside the worker's compensation setting, and Hayashi's claim is not subject to dismissal on that basis.

## IV.  Conclusion

Based on the foregoing, **IT IS ORDERED** that Travelers' Motion to Dismiss (Doc. 7) is **GRANTED**, without prejudice and with leave to amend, with respect to Hayashi's claim for violations of the UTPA and **DENIED** with respect to Hayashi's common law bad faith claim.  If he chooses to do so, Hayashi shall file his amended complaint within twenty (20) days of this Order.

DATED this 30th day of November, 2021.

                                        TIMOTHY J. CAVAN
                                        United States Magistrate Judge

---

third-party common law bad faith claim accrued, before the underlying case was settled, when the plaintiff knew the insurer had denied his settlement demand.