IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK HAYASHI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | CV 20-111-BLG-TJC<br><br>**ORDER** |

Plaintiff Mark Hayashi ("Hayashi") brought this action against Defendant Travelers Casualty Insurance Company of America ("Travelers"), asserting claims for violations of Montana's Unfair Trade Practices Act ("UTPA") and common law bad faith. (Doc. 5.) Presently before the Court is Hayashi's Motion for Partial Summary Judgment.[1] (Doc. 16.) The motion is fully briefed and ripe for the Court's review. (Docs. 17, 18, 21, 22, 35, 69.)

/ / /

---

[1] Hayashi's motion moves, alternatively, to certify the question of whether a third-party claimant is required to pursue a judgment before filing a claim under the UTPA if the "insurer has exhausted policy limits and there is no other basis for recovery, rendering the act of pursuing a judgment against the insured useless or futile" to the Montana Supreme Court. (Doc. 17 at 2.) Because the Court can resolve Hayashi's motion without certifying this question to the Montana Supreme Court, it declines to do so.

1

Having considered the parties' submissions, the Court orders that Hayashi's Motion for Partial Summary Judgment is **DENIED**.

## I.     Background

On July 23, 2014, Hayashi and eight other occupants of a vehicle were rear-ended by a vehicle driven by Leslie File ("File") on US Highway 2 in North Dakota. (Doc. 22 at ¶ 3.) Hayashi alleges he suffered severe, permanent injuries as a result. (Doc. 25 at ¶ 13.)

At the time of the accident, File's employer, Prime Time Healthcare, LLC, ("Prime Time"), was insured by Travelers with policy limits of $1,000,000. (*Id.* at ¶ 15.) On May 6, 2015, File's personal liability insurer also tendered its limits to Travelers. (*Id.* at ¶ 16.) Hayashi claims Travelers acknowledged his right to recover under the policy, and served him with an interpleader complaint filed in North Dakota. (*Id.* at ¶¶ 26-27.)

In 2016, three occupants of the vehicle filed suit against File in the Southern District of Mississippi, resulting in a verdict and judgment against File. (Doc. 22 at ¶¶ 11-12.) Travelers paid the remainder of its policy limits to the Mississippi plaintiffs. (*Id.* at ¶ 14.) File subsequently petitioned for bankruptcy. (*Id.* at ¶ 15.) Hayashi asserts that Travelers exhausted the policy limits without providing him notice or considering his claims. (Doc. 25 at ¶¶ 30-31.)

On July 22, 2020, Hayashi filed the present action against Defendants File, Prime Time, Travelers, and Evanston Insurance Company.  (Doc. 1.)  Hayashi later voluntarily dismissed Defendants File, Prime Time, and Evanston.  (Doc. 4.)

On November 30, 2021, this Court issued an Order granting Traveler's Motion to Dismiss Hayashi's UTPA claim.  The Court found that Hayashi had not alleged any facts to show that a settlement or judgment of the underlying claim had occurred, as required by Montana statute.

Hayashi now moves for partial summary judgment as to whether a settlement of the underlying claim occurred between Hayashi and File.  (Doc. 16.)  Hayashi claims he reached a settlement with File on March 5, 2021.  (Doc. 25 at ¶ 23.)  Travelers argues a settlement did not occur.  (Doc. 21 at 2.)

## II.     Legal Standards

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable factfinder to return a verdict for the nonmoving party.  *Id*.  "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."  *T.W. Elec.*

*Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. "When the moving party would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Trans. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). If the moving party fails to meet its initial burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970) (internal quotations omitted). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party must "go beyond the pleadings and . . . by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The opposing party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216,

1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 252).

When making this determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

Federal courts with diversity jurisdiction over an action must "apply state substantive law and federal procedural law." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Because evidentiary rules are generally procedural in nature "the Federal Rules of Evidence ordinarily govern in diversity cases." *Id.* (internal quotations and citation omitted).

### III. Discussion

Hayashi argues he reached a settlement with File prior to her dismissal from this suit, which is purportedly evidenced in emails between Hayashi's and File's attorneys. Travelers counters that the emails do not present any evidence of a settlement.

Under Montana's UTPA, "[a] third-party claimant may not file an action . . . until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim." Mont. Code Ann. § 33-18-242(6)(b) (2021).  Therefore, as a third-party claimant, Hayashi must show a settlement or judgment occurred.  As noted above, the First Amended Complaint was silent as to the existence of a settlement or judgment of the underlying motor vehicle accident. (*See* Doc. 5.)  The Court, therefore, granted Travelers' Motion to Dismiss as to the UTPA claim, with leave to amend if Hayashi were able to plead a settlement or judgment.  (*See* Doc. 24.)  Hayashi now argues that he reached a settlement with File.[2]  (Docs. 16; 17 at 8.)

Hayashi asserts the settlement agreement he reached with File is evidenced by five email communications between Hayashi's attorney, Ms. Hughes, and File's attorney, Mr. Nelson in March 2021.  (*See* Docs. 18-11, 18-12, 35-2.)

---

[2] At oral argument before the Court, Hayashi argued, citing *Palmer v. Bahm*, 128 P.3d 1031 (Mont. 2006), that Travelers does not have standing to challenge the existence of the purported contract between Hayashi and File as a non-party to the contract.  While it is generally true that "a stranger to a contract lacks standing to bring an action for breach of that contract," *Palmer*, 128 P.3d at 1034, that issue is not before the Court.  At issue, here, is whether Hayashi may assert a third-party claim under the UTPA.  As the plain language of § 33-18-242(6)(b) provides, a third-party claimant may not do so until the underlying claim is settled, or a judgment entered.  As such, the existence of a contract is the issue the Court must address.  In addition, Hayashi did not brief this argument and raised it for the first time at the hearing.

6

Together, the emails show the following exchanges:

| | |
|---|---|
| Ms. Hughes: | Can you confirm that the decision not to assign rights for Prime Time's breach of contract was Leslie's decision and not Progressive's? |
| Mr. Nelson: | I'll find out[.] |
| Mr. Nelson: | Jacqui, As an officer of the court, I can confirm that it was Leslie's decision through her guardian who has power of attorney.  Leslie's health has deteriorated.  This was not something declined solely at the instigation of, or behest of her insurer.  Randy[.] |
| Ms. Hughes: | Do you want a Rule 41 dismissal?  Stipulation? Preference? |
| Mr. Nelson: | 41 dismissal seems good[.]  My pleasure my friend[.][3] |

(Docs. 18-11, 18-12, 35-2.)

/ / /

/ / /

---

[3] The last email exchange regarding Rule 41 was not provided until Hayashi's reply brief.  (Doc. 35.)  "Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). *See also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  Here, Travelers was given, and took advantage of, the opportunity to file a sur-reply to Hayashi's reply brief.  (*See* Docs. 64, 69.)  Thus, although improper to raise new facts in a reply brief, even considering the additional facts presented, Hayashi has failed to show the existence of a contract for settlement.

7

Travelers does not dispute the facts presented in the emails, and does not question their authenticity.[4]  Nevertheless, Traveler argues that the emails do not reference any settlement between Hayashi and File.  (Doc. 22 at ¶¶ 17-20.)  The Court agrees, and finds the evidence presented by Hayashi fails to demonstrate the absence of a genuine issue of material fact with respect to the existence of a settlement agreement.

A.   **Contract Formation**

In Montana, "[a] settlement agreement constitutes a legally enforceable contract." *Summer Night Oil Co., LLC v. Munoz*, 259 P.3d 778, 781 (Mont. 2011).  *See also Dambrowski v. Champion Int'l Corp.*, 76 P.3d 1080, 1082 (Mont. 2003) ("[S]ettlement agreements are contracts, subject to the provisions of contract law.").  A valid contract must contain four essential elements: (1) identifiable parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration.  Mont. Code Ann. § 28-2-102.

---

[4] Generally, documentary evidence must be authenticated to be considered on a motion for summary judgment.  *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002).  Documents may be authenticated through personal knowledge and "must be attached to an affidavit that meets the requirements of [Fed. Rule Civ. P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Canada v. Blain's Helicopter's, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987).  None of the emails are authenticated, but Travelers does not challenge Hayashi's motion on that basis.

Here, Ms. Hughes and Mr. Nelson are certainly identifiable parties capable of entering into a settlement agreement on behalf of their clients, and thus, the first element of a contract is met. It is also undisputed here that "a settlement agreement . . . is a lawful objective of a contract." *Newlon v. Teck Am., Inc.*, 360 P.3d 1134, 1137 (Mont. 2015) (discussing a settlement agreement between employers and employees in the Worker's Compensation context). Therefore, the third requirement is also clearly satisfied. The parties dispute the fourth requirement, as to whether there was sufficient cause or consideration. But even if it is assumed that there could have been sufficient consideration for Hayashi's dismissal of File, the second element for a valid contract is clearly lacking. That is, Hayashi has failed to establish the absence of any genuine issue of material fact that there was mutual consent to enter into a settlement agreement.

    *1.*    *Consent*

"It is a well-established rule that there must be mutual assent or a meeting of the minds on all essential elements or terms to form a binding contract." *Jarussi v. Sandra L. Farber Trust*, 445 P.3d 1226, 1232 (Mont. 2019) (quoting *Chadwick v. Giberson*, 618 P.2d 1213, 1215 (Mont. 1980)). The parties' consent must be free, mutual, and communicated by each to the other. Mont. Code Ann. § 28-2-301. Consent is determined by the parties' outward, objective manifestations; not by their subjective, undisclosed intent. *Olsen v. Johnston*, 301 P.3d 791, 794 (Mont.

9

2013).  "Parties have consented if, based on their words and conduct, a reasonable person would conclude that they intended to be bound by the contract."  *Id.*

Generally, consent is established when there has been an offer and an acceptance of that offer.  *Keesun Partners v. Ferdig Oil Co., Inc.*, 816 P.2d 417, 421 (Mont. 1991).  "An offer is a promise; it is a statement made by the offeror of what he will give in return for some promise or act of the offeree."  *Olsen*, 301 P.3d at 794 (internal quotations and citation omitted).  *See also Chipman v. Nw. Healthcare Corp.*, 317 P.3d 182, 185 (Mont. 2014) ("To be considered an offer, the offeror must manifest a willingness to enter into a bargain.").  Once a valid offer has been made by one party, there must be "an unconditional acceptance, according to its terms, by the other" to effectuate a contract.  *Jarussi*, 445 P.3d at 1232.  In short, "[a]n agreement is binding if made by an unconditional offer, and accepted unconditionally."  *Murphy v. Home Depot*, 270 P.3d 72, 74 (Mont. 2012).

The emails presented by Hayashi do not establish either an unconditional offer or unconditional acceptance.  Ms. Hughes' initial email asked whether it was File's decision, or that of her personal insurer (Progressive), not to assign rights against File's employer (Prime Time) to Hayashi.  Ms. Hughes did not offer to dismiss File from the suit in exchange for this information, nor did she condition dismissal on an answer.  Indeed, nothing in the question can be read as an offer to settle if File were to provide the requested information.

Nor can Mr. Nelson's response be interpreted as an unconditional acceptance of an offer. Mr. Nelson merely conveyed that it was File's decision not to assign her rights against Prime Time. There is no mention of receiving anything in exchange for this information, or that a dismissal was contemplated.

Ms. Hughes then asked Mr. Nelson if he would prefer a Rule 41 dismissal or stipulation, to which he replied, "41 dismissal seems good." (Docs. 18-12, 35-2.) Again, a settlement is simply not discussed in this exchange; and thus, the Court cannot find there is an absence of any issue of fact as to mutual consent.

At oral argument, Ms. Hughes argued that she and Mr. Nelson understood and intended the emails to constitute a contract for settlement. But a court cannot consider a parties' subjective, undisclosed intent and, here, the parties' emails do not contain objective evidence of this purported understanding. *Olsen*, 301 P.3d at 794 ("[The court] consider[s] only the offeror's objective manifestations of consent as expressed by words and conduct.") (internal citation omitted). Although File was dismissed after this conversation, there is no evidence in the emails of mutual consent such that a reasonable person would conclude that Ms. Hughes and Mr. Nelson intended to be bound by a contract. *Bitterroot Int'l Sys., Ltd. v. W. Star Trucks, Inc.*, 153 P.3d 627, 635 (Mont. 2007) ("We determine whether the parties have mutually consented to a contract by inquiring whether a reasonable person, based upon the objective manifestation of assent, and all the surrounding

circumstances, would conclude that the parties intended to be bound by the contract.").

Hayashi also attached an additional email exchange between Ms. Hughes and Mr. Nelson to his reply brief. (Doc. 35-1.) The emails are dated December 21, 2021, the same date the reply brief was filed and over 10 months after the purported settlement agreement. The emails state:

> Ms. Hughes: Randy, [o]nce you filed your *Notice of Limited Appearance*, was it your understanding from [the emails provided] that I was willing to dismiss Leslie from the case if you would find out if she was willing to assign contractual rights against Prime Time and clarify that the decision not to assign was Leslie's and not Progressive's?
>
> Mr. Nelson: That's my distant recollection. That's 100 lawsuits ago.

(Doc. 35-1.)

First, on a motion for summary judgment a court may only consider admissible evidence. Fed. R. Civ. P. 56(e); *Orr*, 285 F.3d at 773. This email exchange is inadmissible hearsay. If Hayashi wished to establish the parties' negotiations and intention to enter into a settlement agreement with evidence other than their email exchange, he could have done so by affidavit or declaration, or by other means of evidentiary support permitted by Rule 56(c)(1)(A). Any such affidavit or declaration would have to "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is

12

competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Hayashi has not done so.

Moreover, Mr. Nelson's response to the email is certainly not an undisputable affirmation of the parties' intent to enter into a settlement agreement. Mr. Nelson only had a "distant recollection" of events that occurred "100 lawsuits ago." Such an equivocal statement is not sufficient to place the fact beyond any genuine dispute. A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Here, Mr. Nelson's ambivalent, vague recollection of the parties' agreement is not sufficient to establish that no reasonable trier of fact could find for Travelers on this issue.

In sum, the evidence does not establish a "meeting of the minds" between Ms. Hughes and Mr. Nelson as to any settlement, and thus, the purported contract fails because consent has not been established. *Hetherington v. Ford Motor Co.*, 849 P.2d 1039, 1043 (Mont. 1993). Accordingly, summary judgment is not appropriate.

/ / /

/ / /

/ / /

/ / /

```
```
Case 1:20-cv-00111-TJC   Document 73   Filed 08/18/22   Page 14 of 14

## IV. Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that Hayashi's Motion for Partial Summary Judgment (Doc. 16) is **DENIED**.

DATED this 18th day of August, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge
14